Not for Publication

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WESTLAKE FLOORING COMPANY, LLC,** | |
| **Plaintiff,** | **Civil Action No.: 24-08475 (ES) (LDW)** |
| **v.** | **OPINION** |
| **VENTURE MOTOR CARS LLC,** *et al.*, | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Westlake Flooring Company, LLC's motion for default judgment against Defendants Venture Motor Cars LLC ("Venture") and Paul Gutierrez ("Mr. Gutierrez") (collectively, "Defendants"). (D.E. No. 11, Brief in Support of Plaintiff's Motion For Entry of Default Judgment ("Pl. Mov. Br.")).

The motion is unopposed. The Court has carefully considered Plaintiff's submissions, as well as the balance of the record, and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court **GRANTS** Plaintiff's motion **IN-PART**.

**I.    BACKGROUND**

On September 24, 2019, Plaintiff entered into a Promissory Note and Loan Security Agreement ("PNLSA") with Defendants by which Plaintiff agreed to lend Venture up to $200,000 to finance the purchase of vehicles for Venture's car inventory. (D.E. No. 1 ("Compl.") ¶ 8). Under the PNLSA, Venture granted Plaintiff a "continuing security interest in all of [Venture's] assets and properties, wherever located." (Compl. ¶ 9 & Ex. A, ¶ 1(a)). Plaintiff's

security interest included, in relevant part, "all Inventory now owned or hereafter acquired, wherever located, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired . . ." (*Id.*).

On September 25, 2019, Mr. Gutierrez executed an Individual and Personal Guaranty ("Personal Guaranty") by which he personally guaranteed Venture's obligations under the PNLSA. (*Id.* ¶ 10 & Ex. B). Specifically, Mr. Gutierrez "agreed to assume personal responsibility for (i) complete and prompt payment of all liabilities under the agreement and (ii) complete performance of all the terms of the PNLSA." (Id. ¶ 24 & Ex. B, ¶ 2(a)).[1] On September 26, 2019, Plaintiff "filed a UCC-1 Financing Statement with the New Jersey Secretary of State, perfecting its security interest in collateral covered by the PNLSA." (*Id.* ¶ 11 & Ex. C). Venture "used the credit line granted by the PNLSA to purchase several vehicles on which Plaintiff has a secured first lien interest" (the "Financed Inventory"). (*Id.* ¶ 12 & Ex. D). "Pursuant to the PNLSA, [Venture] was required to keep and provide Plaintiff with complete records of all the Financed Inventory and use the proceeds from the sale of the Financed Inventory to repay Plaintiff's loan in accordance with the PNLSA." (*Id.* ¶ 13).

The PNLSA required Venture to make certain payments to Plaintiff in connection with its vehicle sales. (*Id.* ¶ 20 & Ex. A. App. A, ¶ 38). Venture agreed to make those payments "within either seven days of the sale of vehicle or 24 hours after receiving payment for the vehicles." (*Id.*). "In or about January 2024, [Plaintiff] became aware that [Venture] had sold several vehicles 'out of trust'" (i.e., without using the proceeds of those sales to repay Plaintiff). (*Id.* ¶ 14). Plaintiff then "began to repossess vehicles from Venture, pursuant to the PNLSA, to recoup some of its losses." (*Id.* ¶ 14). "After initially indicating it would repay the loan, [Venture]

---

[1]     Mr. Guiterrez also "agreed to pay all costs, expenses, and attorney's fees that Plaintiff might incur in seeking to enforce the PNLSA in the event of Venture's default, plus interest." (*Id.* ¶ 25).

ceased all further communication with [Plaintiff] and has refused to pay [Plaintiff] the balance owed" under the PNLSA. (*Id.* ¶ 15.). As of the date Plaintiff filed the Complaint, that balance was "at least $158,313.23." (*Id.* ¶ 16, Ex. D).

On August 14, 2024, Plaintiff filed the Complaint, asserting the foregoing allegations and raising breach of contract claims against both defendants. (*Id.* ¶ 19–30). Specifically, Plaintiff alleges Venture breached the PNLSA by failing to pay Plaintiff as required under that agreement. (*Id.* ¶¶ 21–22). Plaintiff further alleges that Mr. Gutierrez was aware of Venture's default and that his failure to cure Venture's breach constitutes a violation of his obligations under the Personal Guaranty. (*Id.* ¶¶ 27–29).

On August 26, 2024, Plaintiff submitted proof of service documents reflecting that it effectuated service on both defendants on August 22, 2024. (D.E. Nos. 5-6). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants were therefore required to respond to the Complaint on or before September 12, 2024. At Plaintiff's request, (D.E. No. 9), the Clerk of Court entered defaults against Defendants on October 2, 2024. On October 25, 2024, Plaintiff filed the instant motion, asking that the Court enter a default judgment in its favor in the amount of $161,094.70 plus costs and post-charge off interest. (Pl. Mov. Br. at 2).

## II.    LEGAL STANDARD

A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against him. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of Court. *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Once default is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting such relief.

"[E]ntry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgement." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (cleaned up).

## III.    DISCUSSION

### A.  Jurisdiction

#### i.    Subject Matter Jurisdiction

The Court is satisfied that it has subject matter jurisdiction to enter default judgment. District courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and that are between citizens of different States. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of every State where it is incorporated and of the State of its principal place of business. *Id.* § 1332(c). The citizenship of a limited liability

company is determined by the citizenship of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The citizenship of a natural person is determined by the state in which the person is domiciled. *Id.* at 104.

The record reflects that Plaintiff, a California limited liability company, is a wholly owned subsidiary of Westlake Services, LLC. (D.E. No. 3, Diversity Disclosure Statement). Nowlake Technology, LLC ("Nowlake") is the only member of Westlake Services, LLC. (*Id.*). The record further reflects that Nowlake has 106 members, and that those members are citizens of (1) California, (2) Delaware, (3) Florida, (4) Texas, (5) New York, (6) Washington, and (7) the Cayman Islands. (*Id.*). None of Nowlake's members are citizens of New Jersey. (*Id.*).

Defendant Paul Gutierrez is a citizen of New Jersey, having an address at 361 Maple Street in Moonachie, New Jersey. (D.E. No. 6; Compl. Ex B. "Exhibit C - Individual and Personal Guaranty" ¶ 5(d)). Defendant Venture is a limited liability company with its principal place of business in South Hackensack, New Jersey. (D.E. No. 5; Compl. Ex B. "Exhibit C - Individual and Personal Guaranty" ¶ 1(a)). Mr. Gutierrez is the sole member of Venture. (Compl. Ex. A. "Exhibit E - Corporate/LLC Authorizing Resolution to Borrow and Certification"). Both Defendants are, therefore, citizens of New Jersey.

Plaintiff alleges that the amount in controversy in this action is "at least $158,313.23." (Compl. ¶ 16, Ex. D). Given the complete diversity of citizenship between Plaintiff and all defendants, the Court finds that it has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

### ii.    Personal Jurisdiction

The Court may exercise personal jurisdiction over Defendants. Effective service of process is the mechanism by which the court itself obtains personal jurisdiction over a defendant. *Lampe*

*v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.").  Here, and as discussed in greater detail in Section III(B), below, the record reflects that Plaintiff properly effectuated personal service on Mr. Gutierrez, both in his personal capacity and in his role as the sole member of Venture.  (D.E. Nos. 5-6).  Furthermore, the Court finds that exercising personal jurisdiction over Defendants would satisfy due process requirements.  An individual is subject to "general" personal jurisdiction in the forum of his or her domicile, while a corporation is subject to general personal jurisdiction in its "home" forum.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").  As noted above, Defendant Mr. Gutierrez is a New Jersey resident.  (D.E. No. 6; Compl. Ex B. "Exhibit C - Individual and Personal Guaranty" ¶ 5(d)).  Defendant Venture is a New Jersey limited liability company with its principal place of business in South Hackensack, New Jersey, with Defendant Mr. Gutierrez as its sole member.  (D.E. No. 5; Compl. Ex B. "Exhibit C - Individual and Personal Guaranty" ¶ 1(a)).  The Court therefore finds that Defendants are subject to general personal jurisdiction in New Jersey.

### B.  Proper Service

The Court finds that Plaintiff properly effectuated service on Defendants.  For service to be timely, a plaintiff must serve a defendant within 90 days after filing a complaint.  Fed. R. Civ. P. 4(m).  Moreover, Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served in a judicial district of the United States by doing either of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; or (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

discretion who resides there." Fed. R. Civ. P. 4(e)(2). Further, Rule 4(h)(1)(B) provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff filed the Complaint on August 14, 2024. (D.E. No. 1). Plaintiff personally served the summons and Complaint on Mr. Gutierrez, both in his individual capacity and in his role as the principal (and sole member) of Venture, on August 22, 2024. (D.E. Nos. 5-6). The Court therefore finds that Plaintiff effectuated timely, proper service on both defendants.

### C. Sufficient Cause of Action

The Court next finds that Plaintiff has stated sufficient breach of contract claims against both defendants. The elements of a cause of action for breach of contract are (i) a valid contract, (ii) a breach by the defendant, and (iii) resulting damages. *See, e.g.*, *Coyle v. Englander's*, 488 A.2d 1083, 1088 (N.J. App. Div. 1985).

Here, as described in detail in Section I, above, Plaintiff alleges that it entered into contracts with both Venture (the PNLSA) and Defendant Mr. Gutierrez (the Personal Guaranty), that Defendants breached their respective obligations under those agreements, and that Plaintiff suffered damages as a result (i.e., Defendants did not repay the sums owed under the PNLSA and Personal Guaranty). Based on these allegations, which the Court must accept as true for the purposes of this motion, *DIRECTV, Inc*, 431 F.3d at 165 n.6, the Court finds that Plaintiff has sufficiently stated a cause of action for breach of contract against both Venture and Mr. Gutierrez.

### D. Propriety of Default Judgment

The Court next finds that it would be appropriate to enter default judgments against Defendants. To determine whether granting default judgment is proper, the Court must make

factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, Defendants have never appeared, let alone responded to the Complaint, and thus, nothing in the record suggests that either might have a meritorious defense against Plaintiff's claims. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Moreover, Defendants' failure to participate in this case has prejudiced Plaintiff, which has been left unable to move this matter forward and litigate the merits of its claims. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm caused by Defendant"). Finally, with respect to whether Defendants' default was the result of their culpable conduct, the Court notes that they have not participated in the litigation despite being personally served with the Complaint nearly one year ago. Indeed, nothing in the record suggests that Defendants' failure to participate in this case has been due to anything *other* than their own willful conduct. *See, e.g.*, *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (noting that the defendant is culpable when there is nothing suggesting that anything other than the defendant's willful negligence caused the failure to answer). Based upon the foregoing, the Court finds that it would be appropriate to issue a default judgment in this case.

**E. Damages**

The record reflects that Defendants owe Plaintiff an outstanding balance of $161,094.70. (D.E. No. 11-1, Ex. E, Zhan Aff. ¶ 8–11 & Ex. D, "Westlake Dealer Balance Summary") (the

"ending balance" of $238,994.70 as of October 23, 2024, minus the "reserve balance" of $77,900, equals $161,094.70). The Court finds that the principal amount is due and owing under the terms of the PNLSA and Personal Guaranty.

Plaintiff also seeks an award of interest under the PNLSA which provides, in relevant part:

> Interest shall accrue on Borrower's Liabilities to Lender in accordance with the following schedule:
>
> a.   Interest Calculation. All outstanding Liabilities relating to an Advance shall accrue Interest on a per annum basis from the Floorplan Date, based upon a 360-day year, and such Interest shall be compounded daily at the Base Rate, plus the Contract Rate, in each case as stated in the applicable Fees and Rates Schedule, until such outstanding Liabilities are paid in full.

(Compl. Ex. A, ¶ 2(a)). The PNLSA defines the term "Base Rate" as "the greater of (a) the 'Prime Rate' published in The Wall Street Journal on the date(s) noted [therein] . . . and (b) that fixed rate of interest as stated in the Fees and Rates Schedule." (*Id.* at Ex. A. App. A, ¶ 7). The Fees and Rates Schedule, in turn, provides a "Contract Rate" of 4.5%. (D.E. No. 11-1, Ex. A, p. 40 of 67). Plaintiff represents that the "Prime Rate published in the Wall Street Journal on September 24, 2019" (i.e., the date Plaintiff and Venture entered into the PNLSA) was 5.0%. (*Id.* at Ex. E, Zhan Aff. ¶ 12). Thus, the record reflects that interest accrued on the principal amount of Defendants' indebtedness at the rate of 9.5% (5.0% Base Rate plus the 4.5% Contract Rate) per annum, compounded daily. (Compl. Ex. A, ¶ 2(a)). Here, while Plaintiff seeks an award of interest running on Defendants' outstanding principal balance running from February 9, 2024, through the present, (D.E. No. 11-1, Ex. E, Zhan Aff. ¶ 12), it has not provided any indication as to the significance of those dates. For instance, it is not clear why interest would begin to accrue under the PNLSA on February 9, 2024. Without additional information from Plaintiff, the Court is

unable to make a meaningful determination regarding the interest that has accrued under the PNLSA.

While the Court has found that Plaintiff is entitled to a default judgment against Defendants, and that Plaintiff has established an entitlement to damages in the principal amount of $161,094.70, it must reserve on the ultimate amount of the judgment. The Court will set a schedule for Plaintiff to submit: (1) additional information substantiating its request for pre-judgment interest; and (2) a proposed form of order that includes the total damages sought, including the principal amount the Court found herein and the appropriate contractual interest (using the rate the Court determined herein) owed through the date of submission.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants **IN PART**. Specifically, the Court finds that Plaintiff is entitled to a default judgment against Defendants, and that Plaintiff has established an entitlement to damages in the principal amount of $161,094.70. As described herein, however, the Court requires additional information from Plaintiff before it can issue a final judgment by default. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**