**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WESTLAKE FLOORING COMPANY, LLC,**<br><br>　　　　　**Plaintiff,**<br><br>　　　　　v.<br><br>**VENTURE MOTOR CARS LLC,** *et al.***,**<br><br>　　　　　**Defendants.** | Civil Action No.: 24-8475 (ES) (LDW)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

　　　　Before the Court is Plaintiff Westlake Flooring Company, LLC's August 14, 2025 letter, (D.E. No. 15), which Plaintiff filed, at the direction of the Court, in further support of its motion for default judgment. Having carefully considered that submission and other relevant portions of the record, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b); and it appearing:

　　　　1.　　On October 25, 2024, Plaintiff moved for default judgment against Defendants Venture Motor Cars LLC and Paul Gutierrez (collectively, "Defendants"). (D.E. No. 11). By Order dated June 30, 2025, the Court granted that application in part, finding that "Plaintiff is entitled to a default judgment against Defendants, and that Plaintiff has established an entitlement to damages in the principal amount of $161,094.70." (D.E. No. 13 ("June 30, 2025 Order") at 2). The Court further directed that it would reserve on the "ultimate amount" of damages, as it required "additional information from Plaintiff on the issue of prejudgment interest." (*Id.*). The Court therefore ordered Plaintiff to file:

> a supplemental submission providing both: (1) all additional information necessary to substantiate its request for prejudgment interest, as discussed in the Court's accompanying opinion; and (2) a proposed form of order that includes the total damages sought, composed of both the principal amount and the appropriate contractual interest (at the amount and rate, respectively, that the Court determined in its accompanying opinion) owed through the date of submission[.]

(*Id.*). The Court required Plaintiff to file that supplement "**on or before July 25, 2025**." (*Id.* (emphasis in original)).

2. In its corresponding Opinion, (D.E. No. 12 ("June 30, 2025 Opinion")), the Court found, after analyzing the relevant contractual language, that "the record reflects that interest accrued on the principal amount of Defendants' indebtedness at the rate of 9.5% (5.0% Base Rate plus the 4.5% Contract Rate) per annum, compounded daily." (*Id.* at 9). Explaining its need for additional information, however, the Court noted: "while Plaintiff seeks an award of interest running on Defendants' outstanding principal balance running from February 9, 2024, through the present . . . it has not provided any indication as to the significance of those dates. For instance, it is not clear why interest would begin to accrue under the [Promissory Note and Loan Security Agreement ("PNLSA")] on February 9, 2024." (*Id.* (citation omitted)).

3. Plaintiff did not seek reconsideration of the Court's June 30, 2025 Order, or otherwise challenge the findings the Court made in its corresponding Opinion.

4. Plaintiff did not file a timely supplement, leading the Court to issue the following directive on August 6, 2025:

> By Order dated June 30, 2025, the Court granted Plaintiff's motion for default judgment in part, but reserved on the ultimate amount of damages as it required additional information from Plaintiff to calculate the appropriate amount of interest that has accrued pursuant to the underlying contract. (D.E. No. 13). The Court directed Plaintiff to file a supplemental submission providing that

> information on or before July 25, 2025. (*Id.*). To date, Plaintiff has not provided that information. Plaintiff shall do so ON OR BEFORE August 15, 2025. If Plaintiff fails to do so, the Court will enter default judgment in the principal amount of $161,094.70 ONLY, as the current motion record does not support a specific award of prejudgment interest.

(D.E. No. 14).

5. On August 14, 2025, Plaintiff filed a "Supplemental Submission in Support of Default Judgment." (D.E. No. 15). That submission failed to comply with the Court's June 30, 2025 Order in several respects. For instance, Plaintiff calculated prejudgment interest using rates varying "from 10.25% to 13.25%", (*id.* at 2), despite the fact that the Court had previously determined the appropriate interest rate to be 9.5% and directed Plaintiff to apply that figure to any interest calculation, (June 30, 2025 Order at 2). Plaintiff also argued, without leave and for the first time, that Defendants owed an additional $12,999.41 in "fees under the PNLSA." (D.E. No. 15 at 2).

6. Turning first to Plaintiff's request for prejudgment interest, the Court has already determined the appropriate interest rate under the parties agreement: "9.5% . . . per annum, compounded daily." (June 30, 2025 Opinion at 9). The Court explicitly directed Plaintiff to provide additional information substantiating Plaintiff's argument that interest accrued from "February 9, 2024, through the present." (June 30, 2025 Order at 2; June 30, 2025 Opinion at 9). While Plaintiff now alludes (without explanation) to interest rate fluctuations between July 26, 2023, and August 11, 2025, (D.E. No. 15 at 2), Plaintiff has now provided clarity as to the February 9, 2025 date: that is the day Defendant Venture Motor Cars LLC "defaulted on its repayment obligations under the PNLSA." (*id.*). Plaintiff also represents, however, that it "charged off the account on May 31, 2024, and interest stopped accruing after [that] date." (*Id.*). The Court will

3

therefore calculate prejudgment interest using: (i) the principal amount of $161,094.70; (ii) an interest rate of 9.5% per annum, compounded daily; and (iii) an accrual period of 112 days (the duration between February 9, 2024 and May 31, 2024). That calculation yields a prejudgment interest award of $4,763.73.

7. Regarding Plaintiff's new application for assorted "fees under the PNLSA," (D.E. No. 15 at 2), that request is denied. First, Plaintiff did not include that request in its original motion for default judgment, nor did it supplement the record at any time while that motion was pending. (*See generally* D.E. No. 11). The Court's June 30, 2025 Order provided Plaintiff with the opportunity to provide additional information on a single topic—the appropriate "start date" for prejudgment interest—and was not an invitation for Plaintiff seek new categories of damages. Second, and most importantly, Plaintiff has not established its entitlement to those damages. While Plaintiff argues that the fees in question are derived from a spreadsheet that Plaintiff prepared "based upon data kept and maintained in the ordinary course of business[,]" (D.E. No. 15 at 2), there is nothing in the motion record (e.g., a certification from a representative of Plaintiff) substantiating that. Nor has Plaintiff established *why* it is entitled to any of those fees under the parties' contractual agreement.

8. The Court will therefore enter judgment against Defendants and in favor of Plaintiff in the total amount of **$165,858.43** (comprised of a principal amount of $161,094.70 and prejudgment interest in the amount of $4,763.73).

An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

Date: October 14, 2025